**The STATE of Ohio**

v.

**CAMPOS.**

2005-Ohio-7164.]

Hamilton County Municipal Court, Ohio.

No. 05–TRD–19095–A/B.

Decided Aug. 12, 2005.

Julia L. McNeil, Cincinnati City Solicitor, and Thomas O. Beridon, Assistant City Solicitor, for plaintiff.

Aleshia J. Politsky, for defendant.

STOCKDALE, Judge.

{¶ 1} On April 22, 2005, the defendant was stopped by Cincinnati police in the 5600 block of Colerain Avenue in Cincinnati because the license plate on the vehicle he was driving had expired. When the officer asked him for his license, the defendant provided to the officer a Mexican driver's license. That driver's license carried a 2007 expiration date. The defendant did not have an Ohio driver's license. The officer asked him how long he had been in the United States, and he replied "two years." When she asked why he did not have a valid U.S. license, he responded that he travels a lot as a roofer. He confirmed for the officer that he was still residing at the same address on Bahama Terrace in Cincinnati where he had been residing in January 2005, when he had been issued a previous traffic citation. The officer cited him for driving without a license in violation of R.C. 4510.12 and for driving a vehicle with expired license plates in violation of Cincinnati Municipal Code 503–52.

{¶ 2} The only defense raised by the defendant is that the state failed to prove that he is a resident of Ohio rather than Mexico and that he may therefore drive under the nonresident exemption contained in R.C. 4507.04, or under the United Nations Convention on Road Traffic.[1] The uncontradicted evidence presented by the state is that the defendant has lived in the United States for two years and has been living in Ohio since at least January 2005. The court finds from the evidence that while the defendant is a citizen of Mexico, he is now a resident of Ohio. Therefore, neither exemption applies. R.C. 4510.12(A)(1) requires the defendant to have a valid driver's license issued by the state.

{¶ 3} Beyond a reasonable doubt, the state has proved that the defendant was operating a vehicle in the city of Cincinnati with expired plates and without an Ohio driver's license. Cincinnati Municipal Code 512–1 sets forth the fine for violating Section 503–52, and the court will enter a finding of guilty on that

---

1. United Nations Conf. on Road & Motor Transp., Convention on Road Traffic, April 16, 1952, 3 U.S.T. 3008, T.I.A.S. No. 2487.

charge. But the Revised Code does not provide a penalty for the defendant's driving without a license.

{¶ 4} R.C. 4510.12(B) provides:

{¶ 5} "Whoever violates this section is guilty of operating a motor vehicle without a valid license and shall be punished as follows:

{¶ 6} "(1) If the trier of fact finds that the offender never has held a valid driver's or commercial driver's license issued by this state or any other jurisdiction, the offense is a misdemeanor of the first degree."

{¶ 7} According to R.C. 1.59(G), unless another definition is provided in a statute, " '[s]tate,' when applied to a part of the United States, includes any state, district, commonwealth, territory, insular possession thereof and any area subject to the legislative authority of the United States of America. 'This state' * * * means the state of Ohio." R.C. 4501.01(Z) defines the word "state," as used in Chapter 4510 of the Revised Code, as including "the territories and federal districts of the United States, and the provinces of Canada." The word "jurisdiction" is not defined in the code. Had the legislature intended the phrase "any other jurisdiction" to encompass only what is included in the definitions of "state" found in R.C. 1.59(G) and 4501.01(Z), it could have used the phrase "any other state." Instead, it used the more general term "jurisdiction." The common understanding of that term, as it is employed in R.C. 4510.12, is the territory within which the authority of a sovereign power may be exercised.[2] Therefore, we must construe the phrase "any other jurisdiction" to mean other states, the United States, its territories and possessions, and other sovereign countries including Mexico. At the time he was charged, the defendant had a valid Mexican driver's license that purported to expire in 2007. Because he has held a valid driver's license issued by another jurisdiction, the penalty provided in R.C. 4510.12(B)(1) is inapplicable.

{¶ 8} Subsection (2) of R.C. 4510.12(B), which specifies the penalties for expired licenses, is inapposite because the defendant, so far as is known, did not have an expired driver's license. The prosecution has not given notice of its intention to rely on any Mexican law that would have caused the defendant's license to expire before the stated date, and the court is not aware of any such law. See Crim.R. 27.

{¶ 9} We are thus left with a prohibition for which no penalty is provided. R.C. 2901.03 states in part as follows:

{¶ 10} "(A) No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code.

---

2. Webster's Third International Dictionary (1966) 1227.

{¶ 11} "(B) An offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty."

{¶ 12} The defendant's driving without an Ohio driver's license does not constitute a criminal offense because it does not carry a penalty. Although perhaps the result of inadvertence or oversight, the state legislature has not enacted a penalty for violating its prohibition against Ohio residents operating a motor vehicle without an Ohio operator's license when the resident has an unexpired license issued by another jurisdiction. The court is therefore obliged to enter a judgment of acquittal on that charge.

So ordered.